### HALL v WEISENBORN

Ohio Appeals, 9th Dist, Summit Co

No 2696.   Decided May 28, 1936

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Slabaugh, Seiberling, Huber & Guinther, Akron, for defendant in error.

## OPINION

By STEVENS, J.

This case is before this court upon error proceedings, the positions of the parties being the reverse of those occupied by them in the trial court. Reference will be made to them as they appeared below.

Weisborn and one Cavanaugh were both employed by the Firestone Tire & Rubber Co. They lived in close proximity and habitually rode to their work together in a car owned and operated by Cavanaugh, for which transportation Weisenborn paid Cavanaugh from 20 to 25c a day.

On August 30, 1933, at about 5:10 A. M.,

Weisenborn was riding with Cavanaugh, who was proceeding along the route usually utilized by him in traveling to the Firestone plant—namely, Waterloo road. At that hour it was sufficiently dark that the car was being driven with its headlights in operation. The general conditions of visibility were good, but when the car had reached a point near what is referred to as "the cemetery," there was a sharp dip, or depression, in the road, and in close proximity thereto, muck or peat fires had been burning for some time previous. The smoke from said fires, together with some fog, had settled into the depression in said road, and reduced visibility almost to the vanishing point.

As the automobile driven by Cavanaugh entered said depression from the west, proceeding at a rate of speed of from 20 to 25 miles an hour, the speed thereof was decreased as the density of said smoke and fog increased, so that, at the time of the collision hereinafter referred to, said car was traveling at a rate of speed of from 12 to 16 miles an hour.

While proceeding along said highway within a foot of the right hand side thereof, Weisenborn suddenly discovered the presence of some obstacle in the path of said automobile, said object being from 6 to 8 feet in front of the car in which Weisenborn was riding. He immediately exclaimed to Cavanaugh, the driver, but by reason of the close proximity of said object, which turned out to be the truck belonging to the defendant, the automobile driven by Cavanaugh collided with said truck, the left front portion of said automobile striking the right rear portion of said truck, and by reason of said collision, Weisenborn was rather severely injured.

The negligence of which complaint was made was that defendant, through his agent, stopped his motor vehicle on a highway facing in a direction other than that of traffic on that side of the highway, and that he stopped said vehicle on the highway without having the front and rear right wheels within one foot of the right-hand side of the improved portion of the road, and in such a way as to obstruct a free passage of the road.

For answer, the defendant denied any negligence on the part of defendant, pleaded that plaintiff's injuries were caused by the sole negligence of Cavanaugh, the driver of the car in which he was riding, and also charged the plaintiff with negligence which proximately contributed to his own injuries.

Highly conflicting evidence has been offered by plaintiff and defend- ant, which, in the judgment of this court, required the submission of this cause to a jury.

We are of the opinion that no error intervened in the refusal of the trial court to sustain the motions for directed verdicts on behalf of defendant, made at the close of plaintiff's case in chief, and at the conclusion of all of the evidence.

We are unable to conclude that the finding of the jury. to the effect that defendant was guilty of negligence in parking his automobile as alleged in the petition, is manifestly against the weight of the evidence, and we are further of the opinion that there is no evidence whatsoever in this record from which any inference of contributory negligence on the part of the plaintiff could arise.

Complaint is next made that the verdict of the jury is contrary to law.

Under the charge of the court as given, and upon the evidence shown by this record, we are of the opinion that the verdict of the jury is not only not contrary to law but is strictly in accord with the law and the evidence.

It is further claimed that the verdict returned by the jury is excessive.

In the light of the evidence of injury revealed by this record, we are unable to say that the finding of the jury with reference to the amount of damages is manifestly against the weight of the evidence.

It is next urged that the court erred in refusing to give defendant's special instruction No. 3.

A careful examination of that instruction indicates that it attempted to have the court charge upon a subject upon which no evidence was produced during the trial—to-wit, that of the relationship of principal and agent between Cavanaugh and Weisenborn. There being no evidence upon that subject, it was entirely appropriate and proper for the court to refuse to give the charge requested.

Error in the general charge is also urged by the defendant.

A careful study of the charge as given, has failed to reveal to the members of this court any part thereof, the giving of which constituted error prejudicial to defendant.

We are of the opinion that the verdict returned in this case is amply warranted by the evidence, that substantial justice has been done herein, and the judgment of the trial court is therefore affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.